In the Matter of WILLIAM LE CLAIRE, Also Known as WILFRED LE DOUX, Appellant, *v.* RUSSELL G. OSWALD, as Chairman of the New York State Division of Parole, Respondent.

Third Department, March 27, 1964.

*William Le Claire,* appellant in person.

*Louis J. Lefkowitz, Attorney-General (Winifred C. Stanley* and *Paxton Blair* of counsel), for respondent.

AULISI, J.   Appeal from an order of the Supreme Court entered in Albany County on October 16, 1963, which dismissed the petitioner's application wherein he sought to compel the respondent to void a detainer warrant issued by the State Parole Board and lodged with the authorities at the United States penitentiary at Leavenworth, Kansas, pursuant to section 216 of the Correction Law, for violation of parole.

The petitioner was sentenced to a term of 5 to 15 years in New York City on December 18, 1945, after his conviction of the crime of robbery, second degree.   While confined at Wallkill State Prison he escaped and on April 5, 1948, he was sentenced to 1½ to 3 years after his conviction of the crime of unlawful escape.   This sentence was to be served consecutively to the December 18, 1945, sentence.   He was paroled on March 12, 1951.   Following a series of violations of parole, delinquent declarations and returns to prison, the petitioner was arrested in Michigan on July 1, 1956, convicted and sentenced to 1½ to 5 years.   A parole violation warrant was issued by the New York State Parole Board and lodged against the petitioner at the Michigan State prison.   Subsequently, the State of Ohio also lodged a felony warrant against him in the Michigan State prison.

Prior to his parole by the Michigan authorities on October 14, 1957, the New York State Parole Board withdrew its violation warrant and the petitioner was turned over to the Sheriff of Hamilton County, Ohio.   Following a plea of guilty, he was sentenced to a term of five years on March 7, 1958, sentence was suspended and he was surrendered to the New York State authorities and returned to Attica Prison on April 16, 1958. Again he was paroled on September 16, 1959, declared delinquent on January 14, 1960, and returned to prison on February 3, 1960.   Petitioner's next release on May 22, 1961, was followed by another declaration of delinquency on August 4, 1961. The next arrest in Colorado led to his conviction on December 29, 1961, of violating a Federal statute, for which he was given a term of four years and committed to the United States penitentiary at Leavenworth, Kansas, where he is now confined and where a warrant for violation of parole has been lodged against him by the New York State Parole Board.

The petitioner maintains that this last parole warrant is void for the reason that the respondent surrendered its custody

of him and jurisdiction over him when it withdrew its parole violation warrant lodged in Michigan in favor of the Ohio warrant and that by so doing the respondent again set in motion the running of his New York State sentence with the result that his term has now ended. He relies principally on *People ex rel. Rainone* v. *Murphy* (1 N Y 2d 367).

We do not agree and believe that the Special Term correctly dismissed the proceeding. While it is true that a prisoner on parole is in the legal custody of the State (Correction Law, § 213) this constructive custody is terminated and the State's prior jurisdiction is lost when the prisoner commits another crime in violation of the terms of his parole. (*Matter of Perillo* v. *New York State Bd. of Parole,* 4 A D 2d 355, affd. 4 N Y 2d 1013.) "When a parolee is arrested on a charge that he committed another crime, the Board of Parole has no control over him until the disposition of the charge and his return to prison ". (*People ex rel. Paqua* v. *Fay,* 8 A D 2d 856, affd. 8 N Y 2d 897; *People ex rel. Leibowitz* v. *La Vallee,* 17 A D 2d 887, mot. for lv. to app. den. 12 N Y 2d 645.) We conclude that the withdrawal of the parole violation warrant lodged in Michigan by the respondent was not a voluntary surrender of the petitioner on the part of the New York authorities.

Support for this conclusion may be found in the provisions of the Uniform Act for Out-of-State Parolee Supervision (Correction Law, §§ 224, 224-a, 225; former U. S. Code, tit. 18, § 420; now U. S. Code, tit. 4, § 111), which we believe should be construed liberally so that the intended purposes of the agreements or compacts between any two or more States for a co-operative effort and mutual assistance in the prevention of crime and for *other purposes* may be accomplished. In this case the State of Ohio had a superior right to that of New York State since the Ohio warrant was for the petitioner's arrest on a felony charge and the withdrawal of the New York parole warrant enabled the trial of the felony charge in Ohio without delay and without prejudice to either the petitioner or the State of Ohio.

The *Rainone* decision (1 N Y 2d 367, *supra*) is plainly distinguishable. In that case the prisoner had been arrested as a parole violator and was actually in the custody of the Parole Board when arrested on a Federal charge of which he was subsequently convicted, being then returned to New York, whereupon the Parole Board voluntarily turned the prisoner over to the Federal authorities for service of his Federal sentence. Here the petitioner was not actually sur-

20

rendered to the New York authorities until after he had received a five-year suspended sentence in Ohio. We believe that the fact that New York had a parole warrant at the Michigan State prison was not the "complete and unconditional" custody necessary to the imposition of the *Rainone* rule (*People ex rel. Leibowitz* v. *La Vallee*, 17 A D 2d 887, 888, *supra*). Moreover, the maximum time to which the prisoner could be entitled for alleged interruption of his sentence would be from October 14, 1957, when he was delivered by Michigan to Ohio, to April 16, 1958, when he was returned to Attica Prison after suspension of sentence in Ohio.

The order should be affirmed.

Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.

Order affirmed, without costs.